[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#102) AND OBJECTION TO MOTION TO DISMISS (#104)
The defendant, Eddy Block, moves to dismiss the complaint the plaintiffs, Julie Block and Minerva Street, LLC (Minerva), the ground that this court lacks subject matter jurisdiction because the plaintiff Block does not have standing to bring an action on behalf of Minerva.[1]
In their complaint, the plaintiffs allege that Minerva was formed for the purpose of owning and operating three six-family residential buildings (the properties) in Derby, Connecticut. The plaintiffs further allege that the plaintiff Block and the defendant each own a one-half interest in Minerva. Finally, the plaintiffs allege that the defendant breached his fiduciary duty to Minerva and committed waste by mismanaging the properties, and further, committed theft by withdrawing money from Minerva for personal use when Minerva was not generating enough income to meet its operating expenses. Thus, the plaintiffs seek damages and a judicial dissolution of Minerva pursuant to General Statutes § 34-207.
The defendant now seeks to dismiss the complaint on the around that the court lacks subject matter jurisdiction because the plaintiff Block does not have standing to bring an action on behalf of Minerva. The plaintiffs, however, object, arguing: 1) the defendant's motion to dismiss is untimely; 2) the defendant has not adequately briefed the issue; and 3) General Statutes §§ 34-187 and 34-142 authorize the plaintiff Block to bring suit on behalf of Minerva.
The court first addresses whether the defendant's motion to dismiss was timely filed. The plaintiffs argue that the motion is not timely because it was not filed within thirty days of the defendant's appearance as required by Practice Book § 10-30.[2] Despite the plaintiffs' argument, the issue of standing "implicates this court's subject matter CT Page 15367 jurisdiction, which may be raised at any point in [the] judicial proceedings." Stamford Hospital v. Vega, 236 Conn. 646, 656, 674 A.2d 821
(1996) Thus, the defendant's motion to dismiss is timely.
Having determined that the motion was timely filed, the court turns to the merits of the defendant's motion. The defendant argues that the plaintiff Block lacks standing to bring an action on behalf of Minerva because she does not have proper authorization. Specifically, the defendant argues that the plaintiff Block does not have authority by a vote of the majority in interest of Minerva's members.[3] The court is unpersuaded by the defendant's argument.
General Statutes § 34-186 (a) provides in relevant part: "(a) Except as otherwise provided in an operating agreement, suit on behalf of the limited liability company may be brought in the name of the limited liability company by: (1) Any member or members of a limited liability company, whether or not the articles of organization vest management of the limited liability company in one or more managers, who are authorized to sue by the vote of a majority in interest of the members, unless the vote of all members shall be required pursuant to subsection (b) of section 34-142. . . ." Nevertheless, General Statutes § 34-187 (b) provides: "In determining the vote required under section 34-142 for purposes of this section, the vote of any member or manager who has an interest in the outcome of the suit that is adverse to the interest of the limited liability company shall be excluded." The plaintiffs' complaint alleges mismanagement by the defendant, and therefore, the court finds that the defendant's interest is adverse to those of Minerva. Thus, the court will exclude the vote of the defendant, leaving the plaintiff Block as the only member with a voting interest. Accordingly, the court finds that the plaintiff Block has authority to bring suit on behalf of Minerva.[4]
For the foregoing reasons, the defendant's motion to dismiss is denied, and the plaintiffs' objection is sustained.
The Court
 ___________________ Moran, J.